```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :    INDICTMENT
                                   :
            - v. -                 :    22 Cr.
                                   :
STANISLAV YAKUBOV,                 :
    a/k/a "Steve,"                 :
                                   :
            Defendant.             :    22 CRIM 206
                                   :
- - - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Money Laundering Conspiracy)

Overview of the Scheme

The Grand Jury charges:

1.   Between in or about October 2019 and November 2020, a violent robbery crew committed over a dozen armed robberies of jewelers and other owners of luxury watches in the New York City metropolitan area (the "Robbery Crew" or the "Crew"). These robberies include among others:

a.   On or about October 3, 2019, at approximately 11:00 a.m., a jeweler based in the Diamond District of Manhattan ("Victim-1") was robbed in Long Island City, New York by two men wearing dark clothing who punched Victim-1, threatened Victim-1, and kicked Victim-1 multiple times (the "October 2019 Robbery-1").  A Richard Mille brand watch worth approximately $250,000 and a diamond chain worth

approximately $35,000 owned by Victim-1's business was taken during the robbery.

b.    On or about October 25, 2019, at approximately 7:45 p.m., a jeweler based in the Diamond District of Manhattan ("Victim-2") was robbed in Queens, New York by two men displaying firearms (the "October 2019 Robbery-2").  A Rolex brand watch worth approximately $150,000 owned by Victim-2's business was taken during the robbery.

c.    On or about December 10, 2019, at approximately 7:40 p.m., a jeweler based in the vicinity of Canal Street in Manhattan ("Victim-3") was robbed in Brooklyn, New York by two men displaying firearms (the "December 2019 Robbery").  A Patek Philippe watch worth approximately $160,000, a diamond necklace worth approximately $77,000, and a diamond bracelet worth approximately $28,000 owned by Victim-3's business were taken during the robbery.

d.    On or about January 14, 2020, at approximately 10:25 p.m., a jeweler based in the Diamond District of Manhattan ("Victim-4") was robbed in Queens, New York by two men displaying a firearm (the "January 2020 Robbery").  A Richard Mille watch worth approximately $500,000 owned by Victim-4's business was taken during the robbery.

2

d.    On or about February 16, 2020, at approximately 12:35 a.m., a jeweler based in the Diamond District of Manhattan ("Victim-5") was robbed in Queens, New York by two men displaying weapons (the "February 2020 Robbery-1"). An Automar Paget watch worth approximately $28,000 owned by Victim-4's business was taken during the robbery.

e.    On or about February 20, 2020, at approximately 10:15 p.m., an individual ("Victim-6") was robbed in Long Island City, New York by two men displaying a firearm (the "February 2020 Robbery-2"). An Automar Paget watch worth approximately $125,000 was taken during the robbery.

f.    On or about July 6, 2020, at approximately 7:10 p.m., a jeweler based in the Diamond District of Manhattan ("Victim-7") was robbed in Hoboken, New Jersey by a man displaying a weapon (the "July 2020 Robbery"). A Richard Mille watch worth approximately $81,000 was taken during the robbery.

g.    On or about August 2, 2020, at approximately 8:19 p.m., a food critic and social media influencer ("Victim-8") was robbed in Fort Lee, New Jersey by two men displaying a firearm (the "August 2020 Robbery"). A Richard Mille watch worth approximately $250,000 owned by Victim-6's business was taken during the robbery.

3

2.     The Robbery Crew could not sell the stolen watches to legitimate outlets without drawing law enforcement scrutiny. The Crew accordingly turned to illegal "fences," who purchased the stolen watches for cash and maintained no documentation of the purchases in order to conceal that the transactions were for stolen property.

3.     STANISLAV YAKUBOV, a/k/a "Steve," the defendant, served as a fence for the Robbery Crew. YAKUBOV purchased, among other things, stolen watches from the October 2019 Robbery-1, October 2019 Robbery-2, December 2019 Robbery, and the February 2020 Robbery-1. YAKUBOV knew that the watches were illegally acquired. YAKUBOV accordingly purchased the watches in cash and at a steep discount while maintaining no documentation of the transactions.

## Statutory Allegations

4.     From at least in or about October 2019 up to and including at least in or about November 2020, in the Southern District of New York and elsewhere, STANISLAV YAKUBOV, a/k/a "Steve," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to: (1) commit money laundering, in violation of Title 18, United States Code,

4

Section 1956(a)(1)(B)(i), and (2) engage in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

5.    It was a part and an object of the conspiracy that STANISLAV YAKUBOV, a/k/a "Steve," the defendant,  and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, Hobbs Act robberies in violation of Title 18, United States Code, Section 1951, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6.    It was further a part and an object of the conspiracy that STANISLAV YAKUBOV, a/k/a "Steve," the defendant, and others known and unknown, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from

5

specified unlawful activity, to wit, Hobbs Act robberies in violation of Title 18, United States Code, Section 1951, in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

7.   As a result of committing the offense alleged in Count One of this Indictment, STANISLAV YAKUBOV, a/k/a "Steve," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

6

        e.    has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

STANISLAV YAKUBOV, a/k/a "Steve,"

Defendant.

## INDICTMENT

22 Cr.

(18 U.S.C. § 1956(h))

DAMIAN WILLIAMS
United States Attorney.

_Bur Carry_
Foreperson

Indictment issued. No warrants.
WHEEL A  Judge RAMOS  assigned.
USMJ Willis