# SPEARS & IMES LLP

767 Third Avenue
New York, NY 10017
tel  212 213-6996
fax 212 213-0849

January 23, 2023

**By CM/ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Stanislav Yakubov*, 22 Cr. 206 (ER)

Dear Judge Ramos:

      The Defendant respectfully writes in opposition to the Government's Supplemental Letter in Connection with the Parties' Motions in Limine (Dkt. 49).  In its Supplemental Letter, the Government renews its effort to persuade the Court to rule in advance of Jeweler-1's direct testimony that out-of-court statements he made to other jewelers (not the defendant) about the circumstances of his being robbed are admissible.  The Government's request should be denied.

      The Government's Supplemental Letter does not lay a foundation, in advance of direct testimony explaining the concrete ways (if any) in which Jeweler-1 and the Defendant were part of the same "tight knit community," for the admission of out-of-court statements by Jeweler-1 to other jewelers about the fact that he was robbed.  At the pre-trial conference, the Government spoke of a community that "not only practice in either the same place, the Diamond District of New York, or who gather together in professional associations but who also have cultural ties that exist outside of their practice, in particular, their practice in religious organizations."  Jan. 19, 2023 Conference Tr. at 23:13-17.  This statement remains inaccurate, because the Defendant does not work in the Diamond District, and the Government has not proffered concrete facts about cultural or religious ties or practices that would suggest that information would necessarily flow from Jeweler-1 to the Defendant despite their not speaking directly.

      Also at the pre-trial conference, the Court made clear that in order to allow testimony of the kind that the Government seeks to introduce through Jeweler-1—that is, testimony that Jeweler-1 told other jewelers (not the defendant) about his robbery—it "need[ed] to have additional information from members of that community, how they define themselves and how

they communicate amongst themselves." *Id.* at 28:15-18.  The Court noted that it is unsure "the extent to which the government will be able to establish that there is this relatively finite community that communicates within the community in an efficient manner." *Id.* at 28: 11-13.

       The Government's Supplemental Letter fails to address the Court's concern or develop the requisite basis to admit such statements—whether they be by Jeweler-1 or other jewelers in the industry.  The Government does not attempt to define the "tight-knit community" that it spoke of at the conference.  It does not describe how one becomes a member of that community or how members of that community share information.  Instead, it offers that Jeweler-1 believes that there are "approximately 30" dealers of high-end watches in the New York City area, and that he has seen the Defendant at trade shows purchasing high-end watches for resale.  This falls substantially short of the concrete foundation that the Court referenced at the conference.  It remains guesswork on the part of the Government that news of Jeweler-1's robbery purportedly reached the Defendant at the relevant time (*i.e.* before the Defendant allegedly purchased a watch that had been stolen from Jeweler-1), and the hearsay testimony should thus be excluded.[1]

       Respectfully submitted,

*/s/ Kiersten Meehan*
SPEARS & IMES LLP
Kiersten Meehan
Max Nicholas
Attorneys for Stanislav Yakubov

---

[1] The Government's attempt to ground the hearsay statements by Jeweler-1 in statements that Mr. Yakubov made to law enforcement in a March 2021 interview (*see* Supplemental Letter at 2) is equally meritless.  Although it is not the part of the transcript that the Government italicizes, the Defendant said in March 2021 that he did not know when he heard of Jeweler-1 getting robbed, and that it was possibly one year ago (which would have been March 2020, approximately five months after the robbery).