

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 30, 2023

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Stanislav Yakubov*, S1 22 CR 206 (ER)

Dear Judge Ramos,

  In advance of the charge conference later today, the Government submits this letter to request respectfully that the Court (i) charge the jury on the relevant definition of a financial institution; (ii) charge the jury on cooperating witness testimony; (iii) charge the jury on the lack of any legal requirement concerning particular investigative techniques; (iv) not charge the jury on multiple conspiracies, a charge that the defendant requested but for which there is no support whatsoever in the record at trial; (v) amend the charge defining "specified unlawful activity"; and (vi) amend the charge defining the "materiality" of the defendant's false statements.

  *First*, as it requested in its Requests to Charge, the Government respectfully requests that the Court define "financial institution" the first time that this term is used in the charge, which occurs at present within the section of the charge concerning the first element of transaction money laundering. (*See* 01/27/2023 Draft Charge at 17-18). In particular, at the end of the sentence within this section defining "monetary transaction," the Government requests that the Court instruct the jury as follows: "I instruct you that a 'financial institution' includes a dealer in precious metals, stones, and jewels." This definition tracks the controlling statutory language. (*See* 12/22/2022 Gov't Requests to Charge at 31 n.15 (citing 18 U.S.C. §§ 1956 & 1957; 31 U.S.C. § 5312(a)(2) (ECF No. 39).

  *Second*, the Government respectfully requests that the Court charge the jury on cooperating witness testimony in the manner that the Government previously proposed. (*See id.* at 53-54).

  *Third*, the Government respectfully requests that the Court charge the jury on the lack of any legal requirement concerning particular investigative techniques in the manner that the Government previously proposed. (*See id.* at 48).

  *Fourth*, the Government respectfully requests that the Court not charge the jury on multiple conspiracies. The recent reasoning of Judge Forrest in *United States v. Ulbricht*, No. 14 Cr. 68

(KBF), 2015 WL 413426, at *1 (S.D.N.Y. Feb. 2, 2015), where the Court rejected a defendant's request for a multiple conspiracies charge applies with equal emphasis here.

> The main purpose of a "multiple conspiracies" instruction is to avoid any "'spill over effect' of permitting testimony regarding one conspiracy to prejudice the mind of the jury against the defendant who is not part of that conspiracy but another." *United States v. Restrepo*, 547 F. App'x 34, 40 (2d Cir.2013) (summary order) (quoting *United States v. Harris*, 8 F.3d 943, 947 (2d Cir.1993)) (internal quotation marks omitted). This instruction is thus appropriate in a multiple-defendant case where "there is a legitimate concern that a defendant who operated on the periphery of a large, overarching conspiracy will be unfairly grouped in with a larger conspiracy than he intended to join." *United States v. Richardson*, 532 F.3d 1279, 1291 (11th Cir.2008); see also *Harris*, 8 F.3d at 947 ("The spill over effect is most pronounced when there is a lengthy trial of numerous defendants." (citation omitted)).
>
> By contrast, a "multiple conspiracies" instruction is unnecessary "where the indictment charges only one defendant who is at the hub of the conspiracy." *Richardson*, 532 F.3d at 1291. In such a case, there is no danger of any "spill over effect," since the defendant is alleged to have participated in all conspiratorial conduct. *See United States v. Corey*, 566 F.2d 429, 431 n. 3 (2d Cir.1977) ("Even if there were two conspiracies, ... the fact that only a single conspiracy was charged did not and could not have prejudiced the defendant by spillover or otherwise."). Even if multiple conspiracies are ultimately proved at trial, the defendant will suffer no prejudice because those multiple conspiracies "could properly have been joined in the same indictment, since there was only one defendant." *United States v. Sir Kue Chin*, 534 F.2d 1032, 1035 (2d Cir.1976).
>
> Courts in the Second Circuit have consistently found that a "multiple conspiracies" charge is unnecessary in the trial of a single defendant. *See*, *e.g.*, *Corey*, 566 F.2d at 431 n. 3 ("[S]ingle/multiple conspiracy analysis does not apply to the trial of a single defendant." (citing *Sir Kue Chin*, 534 F.2d at 1035)); *United States v. Ling*, 172 F. App'x 365, 366 (2d Cir.2006) (summary order) (same); *United States v. Atkins*, No. 10 Cr. 391 (CM), 2012 WL 1415625, at *2 (S.D.N.Y. Apr. 19, 2012) (same); *United States v. Magassouba*, No. 03 Cr. 985 (RPP), 2010 WL 624284, at *9 (S.D.N.Y. Feb. 22, 2010) ("The weight of Second Circuit authority instructs that a multiple conspiracy charge is not appropriate in a single-defendant case such as this." (citations omitted)), *aff'd*, 433 F. App'x 10 (2d Cir. 2011) (summary order).

*Ulbricht*, and the decisions relied upon there, remain good law. *See United States v. Reid*, 732 F. App'x 14, 16 (2d Cir. 2018) ("A defendant who is indicted and tried alone, as [the defendant] was, cannot suffer substantial prejudice from a district court's failure to issue a multiple-conspiracies instruction, even if conduct charged as a single conspiracy in the indictment in fact constituted two separate conspiracies in which the defendant was involved."), *cert denied*, 139 S. Ct. 252 (2018).

Against this weight of authority summarized in *Ulbricht*, the defendant cites only to the *Modern Federal Jury Instructions* in support of his request for a multiple-

conspiracies charge.  (*See* Def.'s Requests to Charge at 15-16).  It is particularly instructive, therefore, that the comment to this form instruction clarifies that the instruction is not appropriate in the trial of single defendant.

> Generally speaking, the instruction is appropriate in cases where a number of defendants have been collectively charged in the indictment with participation in a single, overall conspiracy, but where there is a basis for the defense claim that multiple conspiracies existed. *Case law suggests that the recommended charge is not appropriate in the trial of a single defendant.* Moreover, the multiple conspiracy charge need not be submitted to the jury if substantial evidence has demonstrated the existence of a single, ongoing conspiracy, since the possibility of a "variance" does not exist.

Sand, *et al.*, *Modern Federal Jury Instructions* 19-5, Comment (emphasis added) (footnotes omitted).[1]

As the last sentence from the commentary above suggests, a multiple-conspiracies charge is inappropriate here not only because this trial involves a single defendant, but also because the record at trial contains substantial evidence demonstrating the existence of a single, ongoing conspiracy.  As the Second Circuit has repeatedly held in multiple contexts over multiple decades, "[w]here there is sufficient proof of an ongoing connection between transactions, one conspiracy is not transformed into multiple conspiracies simply because it occurs in more than one stage and at different times." *United States v. Vasquez*, 113 F.3d 383, 387 (2d Cir. 1997) (finding defendant was not entitled to a multiple-conspiracies charge let alone substantially prejudiced by its omission) (citing *United States v. Maldonado–Rivera*, 922 F.2d 934, 963 (2d Cir.1990).

This is not an instance of a far-flung criminal conspiracy. At trial, the jury heard evidence of a discrete conspiracy between a small crew of robbers and the defendant. In each transaction, or attempted transaction, the defendant called, texted, or met with just two individuals: Michols Pena or Victor Rivera. Even on the occasions that the robbery crew sold a stolen watch to someone other than the defendant, the members of the robbery crew first offered to sell the stolen watch to the defendant, as testimony concerning meetings and other evidence of communications between the members of the robbery crew and the defendant highlight.  (*See, e.g.*, GX 704-705, 707). Thus, the defendant himself was always involved, either through meetings that occurred at his business or his home or through telephone communications with one or more members of the robbery crew around each stolen watch.

Moreover, when the defendant bought the robbery crew's watches, he used the same means and methods to conceal the fact that the watches were stolen. *See United States v. Dominguez-Gabriel*, 511 F. App'x 17, 19 (2d Cir. 2013) (no showing of multiple rather

---

[1] The introductory paragraph of the form instruction expressly contemplates a multi-defendant case.  *See* Sand, *et al.*, *Modern Federal Jury Instructions* 19-5 ("In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy.  Rather, they claim that there were actually several separate and independent conspiracies with various groups of members.").

3

than the two charged single distribution and importation conspiracies where "there was a common goal served by various schemes that were interdependent by virtue of [the appellant's] place at their hub and the use of overlapping core participants and similar methods of operation."); *United States v. Eppolito*, 543 F.3d 25, 48 (2d Cir. 2008) (holding that there were not multiple conspiracies where the "evidence at trial established an ongoing connection between transactions where the same participants used the same methods and the same means" (internal quotation marks omitted)). In each transaction, the defendant did not ask for the names of the robbery crew members, their identifications, or their addresses. He did not ask whether the stolen watches had boxes and papers. He made no documentation of the transactions whatsoever, such as a receipt, invoice, of filing on Leads Online. He paid in bags of cash and received substantial discounts. These common means and methods are sufficient to defeat any multiple conspiracies charge.

*Fifth*, the Government respectfully requests that the Court amend the charge defining "specified unlawful activity" ("SUA"). The charge currently identifies the SUA as "robbery in violation of the Hobbs Act, Title 18, United States Code, Section 1951, or theft in violation of New York Penal Law Section 155.30." (01/27/2023 Draft Charge at 15). Because theft in violation of New York Penal Law § 155.30 is neither a statutorily-recognized SUA nor cited in the superseding indictment, the last clause of the sentence defining SUA should be deleted. In a related vein, the Government respectfully requests that the Court move the final paragraph in this section of the charge to the end of the next section of the charge (*i.e.*, from last paragraph of "Concealment Money Laundering – Element Two" to last paragraph of "Concealment Money Laundering – Element Three"). (*See id.* at 15, 16).[2] This paragraph critically bears on the defendant's requisite knowledge and appropriately follows the instruction of the Court setting out that requisite knowledge.

*Finally*, the Government respectfully requests that the Court amend the charge defining the "materiality" of the defendant's false statements. In its proposed instruction, the Government included two sentences in addition to the paragraph contained at present in the charge. The further language is intended to address the fact that not only is there no requirement that law enforcement *relied* upon the false statement, law enforcement need not be *deceived* or at any time *misled* by the statement, which consequently does not need to have resulted in any action whatsoever on the part of Government, which the Government respectfully submits is different than the concept of reliance alone without further elaboration and a natural point of possible confusion for the jury.[3] In support of its

---

[2] The referenced paragraph reads in its entirety: "I instruct you that Hobbes Act robbery, and theft of property worth more than $1,000, in violation of New York Penal Law Section 155.30, are both felonies under federal or state law." (01/27/2023 Draft Charge at 15).

[3] The proposed charge of the Government reads in its entirety: "The second element as to Counts Two and Three that the Government must prove beyond a reasonable doubt is that the defendant's statement was material. A fact is material if it was capable of influencing the Government agency's decisions or activities. However, proof of actual reliance on the statement by the Government is not required. It does not matter that the Government agency was not misled, or even that it knew of the misleading or deceptive act at the time it occurred, should you find that the act occurred. In other words, the Government is not required to prove that anyone made a decision or took any action based upon the false statement charged in the Indictment."

proposed charge, the Government cited to the charge in *United States v. Percoco*, 16 Cr. 776 (VEC), where Judge Caproni charged the jury on materiality as follows: "The second element is that the defendant's statement was material. A statement is material if it was capable of influencing the government's decisions or activities. The government does not need to prove that anyone actually relied on, made any decision, or took any action based on the defendant's statements. This element requires only that the statement was capable of influencing those decisions or activities." 03/01/2018 Tr. at 6459:1-8, *United States v. Percoco*, 16 Cr. 776 (VEC).

\*     \*     \*

For the foregoing reasons, the Government respectfully requests that the Court (i) charge the jury on the relevant definition of a financial institution; (ii) charge the jury on cooperating witness testimony; (iii) charge the jury on the lack of any legal requirement concerning particular investigative techniques; (iv) not charge the jury on multiple conspiracies, a charge that the defendant requested but for which there is no support whatsoever in the record at trial; (v) amend the charge defining "specified unlawful activity"; and (vi) amend the charge defining the "materiality" of the defendant's false statements.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ____/s/_____
Mathew Andrews
Andrew K. Chan
Thomas John Wright
Assistant United States Attorneys
(212) 637-6526 / 1072 / 2295

cc: Max Nicholas (Counsel to Defendant Stanislav Yakubov) (by ECF)
    Kiersten E. Meehan (Counsel to Defendant Stanislav Yakubov) (by ECF)