

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 8, 2023

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *United States v. Stanislav Yakubov*, S1 22 Cr. 206 (ER)

Dear Judge Ramos:

      The Government respectfully submits this letter in opposition to the defendant's request to modify his conditions of release set by the Court following his conviction at trial pursuant to 18 U.S.C. § 3143(a)(1). The defendant seeks to modify the base condition of release from home detention to a curfew. The change is significant. Under home detention, a defendant can only leave his residence with express approval for specific purposes. Under a curfew, he is free to travel anywhere in the Eastern and Southern Districts of New York for any reason, at any time prior to a generous curfew, and without any communication with, let alone approval from, Pretrial Services. For the same reasons that the Government argued following the verdict and that led the Court to impose home detention, the Government strongly objects to a curfew now. (*See* 02/01/23 Tr. at 1044:13-1054:5). In short, the defendant is a convicted liar facing an advisory sentencing range under the United States Sentencing Guidelines that extends by the conservative measure of the Government up to one decade's imprisonment. He was born and raised abroad, travels extensively abroad with his family, possesses substantial means, and carries a moral compass and respect for authority that are best reflected in his willingness, as the jury found, to profit from and indeed encourage the savage robbery of people from his own community and to lie, repeatedly, to law enforcement when confronted for that grave offense. The Government sympathizes with the burden to Pretrial Services of maintaining strict supervision of the defendant through a date of sentencing that now lies on September 1, 2023, a full seven months from the date of his conviction due to his choice to retain new counsel. The answer to this burden, however, is not to give the defendant the free run of the city, but rather to end his leave to travel with his children, which the Court originally denied (*see id.* at 1053:18-23), and reject his pending request to visit with his father. The Government recognizes the collateral consequences of what are appropriate restrictions upon the defendant's liberty to these members of the his family. Unfortunately, it is often the case that the collateral consequences of a defendant's criminal activity are born by his loved ones and that is true here. As the Court recalls from the trial, whenever a victim testified, a very large number of the defendant's family and friends appeared in the courtroom to support the defendant, and the Government respectfully submits that those same supporters remain well placed to assist in the care of his children and father, for whom the defendant makes no showing, and it

his burden, that he is alone or even uniquely able to assist.  At bottom, there is no reason that the public should bear the risk of the defendant's free movement across the metropolitan area, neither as a matter of its safety nor its interest in the defendant's return to court, and in any event, the defendant has not provided a reason.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Thomas John Wright*

Mathew Andrews, Andrew K. Chan, and
Thomas John Wright
Assistant United States Attorneys
(212) 637-6526 / 1072 / 2295

cc: Dominique Jackson (Pretrial Services) (by email)
    Deborah Colson (Counsel to Defendant Stanislav Yakubov) (by ECF)